After reviewing the report of the referee and considering the case at oral argument, *103 the Court approves the referee’s findings of fact and recommendations of guilt. The Court disapproves the referee’s recommended sanction of disbarment. Respondent is hereby suspended from the practice of law for one year, effective thirty days from the date of this order so that respondent can close out his practice and protect the interests of existing clients. If respondent notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Respondent shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). In addition, respondent shall accept no new business from the date this order is filed until he is reinstated.
As a condition for reinstatement, respondent must provide a report from a board certified mental health professional, who is approved by The Florida Bar and who has evaluated respondent. For respondent to be reinstated, the report must state that respondent is competent to represent clients and fit to be a member of The Florida Bar. See Fla. Bar v. Germain, 957 So.2d 613, 625 (Fla.2007).
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Richard Lee Buckle in the amount of $4,712.52, for which sum let execution issue.
POLSTON, C.J., and PARIENTE, LEWIS, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part, with an opinion.
QUINCE, J., recused.